THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* KURT BUCHNER, Appellant.

Third Department, January 20, 1972.

*George T. Martin* for appellant.

*Bruce C. McGregor, Jr., District Attorney,* for respondent.

*Per Curiam.* This is an appeal by the defendant from an order of the County Court of Otsego County, entered August 28, 1970, which denied without a hearing his application which appeared to seek relief by a writ of error *coram nobis* from a judgment of conviction entered on October 20, 1969 upon a jury verdict.

The proceeding was commenced by a petition and combined affidavit duly sworn to by the defendant on June 1, 1970. The People responded to the application by submitting an affidavit of the District Attorney sworn to on July 3, 1970. The trial court rendered a decision denying the petition on August 10, 1970 and a notice of appeal was apparently served on August 25, 1970.

Among other things the defendant alleged that he was denied his right to appeal because his retained trial counsel did not inform him " of his rights to appeal ' in forma pauperis ' ''. The People have submitted nothing in contravention of that allegation. The defendant's allegations sufficiently demonstrate that following a trial he was dissatisfied with the verdict, alleging among other errors that the evidence was in some instances insufficient and in others inadmissible and that the sentence imposed was improper. (Cf. *People* v. *Lynn,* 28 N Y 2d 196; *People* v. *Ali,* 35 A D 2d 435.)

The trial court erred in denying this application without a hearing and its order must be reversed.

As noted hereinabove, the judgment of conviction was entered on October 20, 1969 and the notice of appeal was filed with the County Clerk on or about August 25, 1970 — some ten months after his conviction. The rules of this court required in 1969 that retained counsel must advise his client not only of his right to appeal, but also of his right to apply for leave to appeal as a poor person and if the defendant wished to file a notice of appeal, such counsel was required to file the same and all of such advice was required to be given in writing. (22 NYCRR 821.1, 821.2.) The present application, in our opinion, is sufficient to show failure to comply with the rules of this court. The neglect of counsel

to properly advise the defendant as to his rights is a matter of concern to the court, particularly when it results in the defendant failing to file a timely notice of appeal.

The People having failed to raise any question of fact and it appearing, prima facie, that there was noncompliance with the rules of this court, the present proceeding is deemed to be an application for leave to file a late notice of appeal.

The order should be reversed and motion to file a late notice of appeal within 30 days after the entry of an order should be granted upon the law and the facts.

HERLIHY, P. J., STALEY, JR., COOKE, SWEENEY and SIMONS, JJ., concur.

Order reversed, on the law, and motion for extension of time to take appeal granted, on the law and the facts, provided a notice of appeal is filed and served within 30 days after entry of the order hereon.